# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
January 11, 2011 Session

## STATE OF TENNESSEE v. JOHN B. ALBERTS

**Appeal from the Circuit Court for Williamson County**
**No. I-CR033269    Jeff Bivens, Judge**

---

### No.  M2010-01208-CCA-R9-CD - filed June 21, 2011

---

The Williamson County Grand Jury indicted Appellant, John B. Alberts, for eight counts of rape of a child, one count of solicitation of a minor to commit rape of a child, and one count of solicitation of sexual exploitation of a minor.  Appellant filed a motion to suppress evidence recovered through the execution of a warrant to search Appellant's car.  At the hearing on the motion to suppress, the trial court granted Appellant's motion based upon the conclusion that the search warrant was invalid.  At the hearing, before the trial court announced its decision, the State argued an alternative theory that the search was valid as a warrantless search through an exception to the warrant requirement i.e., probable cause with exigent circumstances.  The trial court declined to rule on the validity of the search based upon this alternative theory.  The State asked for and was granted an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellant Procedure to determine if the trial court can consider the alternative theory to uphold the search.  We have concluded that the trial court should consider an alternative theory to determine if the search was valid as a warrantless search based on probable cause and exigent circumstances.  We remand the case back to the trial court for proceedings in accordance with this opinion.

**Tenn. R. App. P. 9 Appeal as of Right; Judgment of the Circuit Court is Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Ron Davis, District Attorney General, and Mary K. White, Assistant District Attorney General, for the appellant, State of Tennessee.

Vanessa P. Bryan, District Public Defender and James L. Elkins, III, Assistant Public Defender, Franklin, Tennessee, for the appellee, John B. Alberts.

**OPINION**

*Factual Background*

In January 2007, three parents reported to Detective Tameka Sanders of the Williamson County Sheriff's Department that Appellant had sexually abused their children. The victims alleged that Appellant had licked their vaginas. Detective Sanders began her investigation and discovered that Appellant had been convicted ten years before for performing oral sex on a nine-year-old girl. Subsequently, Appellant was arrested on January 31, 2007 for violation of the sex offender registration law.

Also in January 2007, the parents of one of the victims reported to Detective Sanders that Appellant had used their computer in their home. Detective Sanders obtained consent to search the computer and took possession of it. The detective did not testify as to any images contained on the victim's parents' computer. The victim's mother also told Detective Sanders that Appellant had a laptop and a digital camera that he kept in the trunk of his car.

On February 6, 2007, Detective Sanders, accompanied by Detective Grant Benedict of the Williamson County Sheriff's Department and Lieutenant Robert Denton of the Lawrence County Sheriff's Department, went to Appellant's former place of employment to check the computer. Mr. Jimmie Pennington, the proprietor, signed a consent to search form for the search of the computer primarily used by Appellant during his employment. The search revealed images numbering in the hundreds or thousands of sexually provocative photographs of young girls. While the images were flashing on the screen, Detective Sanders thought she recognized one of the victims in one of the images.

Lieutenant Denton left the business to obtain a search warrant. While Lieutenant Denton went to get a search warrant, Detectives Sanders and Benedict located Appellant's residence at 50 Sweet Gum Lane. They spotted Appellant's car parked in the driveway. Detectives Sanders and Benedict interviewed a neighbor who told them that Appellant liked to take pictures of children, but he would only take pictures of girls. While they were waiting for Lieutenant Denton to return with the search warrant, the detectives secured Appellant's car. When Lieutenant Denton returned with a search warrant, the officers had Appellant's neighbor unlock Appellant's car. The officers searched the car and seized a laptop computer and a digital camera. The computer contained photographs of Appellant kissing the victims,

one victim performing fellatio on Appellant, and Appellant performing cunnilingus on one of the victims.

In March 2008, the Williamson County Grand Jury indicted Appellant for eight counts of rape of a child, one count of solicitation of a minor to commit rape of a child, and one count of solicitation of sexual exploitation of a minor. On November 12, 2009, Appellant filed a motion to suppress the evidence, in particular the laptop computer, seized as a result of the search warrant obtained by Lieutenant Denton. The trial court held a hearing on the motion on January 6, 2010. On February 8, 2010, the trial court filed an order granting Appellant's motion to suppress based solely on the conclusion that the search warrant was invalid. On March 8, 2010, the State petitioned the trial court for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court granted the State's request on May 25, 2010. This Court granted the application for interlocutory appeal on July 15, 2010.

## ANALYSIS

On appeal, the State argues that the trial court erred in determining that after having decided that the search warrant was invalid, it was restrained from considering any exceptions to the warrant requirement to establish that the search was reasonable. Appellant argues that the trial court did not err.

This Court will uphold a trial court's findings of fact in a suppression hearing unless the evidence preponderates otherwise. *State v. Hayes*, 188 S.W.3d 505, 510 (Tenn. 2006) (citing *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). On appeal, "[t]he prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Odom*, 928 S.W.2d at 23. Our review of a trial court's application of law to the facts is de novo, with no presumption of correctness. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001) (citing *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999); *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997)). When the trial court's findings of fact are based entirely on evidence that does not involve issues of witness credibility, however, appellate courts are as capable as trial courts of reviewing the evidence and drawing conclusions and the trial court's findings of fact are subject to de novo review. *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000). Further, we note that "in evaluating the correctness of a trial court's ruling on a pretrial motion to suppress, appellate courts may consider the proof adduced both at the suppression hearing and at trial." *State v. Henning*, 975 S.W.2d 290, 299 (Tenn. 1998). The

question presented by the State in this case is one of law. Therefore, there is no presumption of correctness with regard to the trial court's decision. *Walton*, 41 S.W.3d at 81.

At the hearing on the motion to suppress, the trial court expressed the belief that it was restrained from considering any alternate theories because it was restricted to a review of the warrant in ruling on the motion to suppress. It is true that, "Tennessee law is clear that in determining whether or not probable cause supported issuance of a search warrant only the information contained within the four corners of the affidavit may be considered." *State v. Keith*, 978 S.W.2d 861, 870 (Tenn. 1998) (citing *State v. Jacumin*, 778 S.W.2d 430, 432(Tenn. 1989)). This language refers to a court's determination whether or not the warrant itself is valid. This language does not prevent a court from determining whether a search is valid based on an exception to the warrant requirement. We have found no legal impediment to prevent the trial court from addressing the State's argument that the search was permissible as a warrantless search based on the existence of probable cause to search and exigent circumstances. We point out that in the case at hand, the State presented this argument to the trial court prior to the trial court's ruling on the validity of the warrant.

The trial court allowed the State to present an offer of proof with regard to probable cause and exigent circumstances. However, the trial court made no factual findings regarding the validity of the search as a warrantless search. Because we can find no precedent preventing the trial court from determining whether an exception to the warrant requirement applies to the facts at hand when the search warrant has been determined to be invalid, the trial court should make findings of fact regarding this issue and rule on the validity or invalidity of the search of Appellant's car as a warrantless search. Both the Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution protect individuals against unreasonable searches and seizures by government agents. *See* U.S. Const. amend. IV; Tenn. Const. art. I, § 7. Under both constitutions, "a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *Yeargan*, 958 S.W.2d at 629 (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55, 91 S. Ct. 2022, 29 L.Ed.2d 564 (1971)); *see also State v. Garcia*, 123 S.W.3d 335, 343 (Tenn. 2003). As stated above, in the hearing on remand, the State will have the burden of proof to show the search of Appellant's car is a valid warrantless search.

## CONCLUSION

For the foregoing reasons, we remand this case for the trial court to conduct further proceedings to determine whether one of the exceptions to the warrant requirement exists in the facts at hand.

_____
JERRY L. SMITH, JUDGE