IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

November 6, 2018 Session

## STATE OF TENNESSEE v. HORATIO LAMONT HARRISON

**Appeal from the Circuit Court for Madison County**
**No. 17-26      Kyle C. Atkins, Judge**

_____

### No. W2017-01798-CCA-R3-CD

_____

The Defendant, Horatio Lamont Harrison, was indicted for driving under the influence (DUI), failure to yield,[1] violation of the financial responsibility law, and violation of the implied consent law.  See Tenn. Code Ann. §§ 55-8-131, -10-401, -10-406, -12-139.  The Defendant filed a motion to suppress all evidence gathered during his traffic stop.  The trial court concluded that the traffic stop was not supported by probable cause, granted the Defendant's suppression motion, and dismissed the indictments.  On appeal, the State contends that the trial court erred in granting the Defendant's suppression motion.  Following our review, we conclude that the trial court erred by not considering the State's alternative theory attempting to establish that the stop was supported by probable cause or a reasonable suspicion.  Accordingly, we reverse the judgments of the trial court and remand the case for a new suppression hearing.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed; Case Remanded

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the appellant, State of Tennessee.

---

[1] The indictment incorrectly charged the Defendant with violating Tennessee Code Annotated section 55-8-130, failure to yield the right-of-way "at the entrance to a through highway."  It is apparent from the record before us that the Defendant was alleged to have violated Tennessee Code Annotated section 55-8-131, failure to yield the right-of-way when entering a highway "from a drive, private road, or private driveway."

Harold E. Dorsey, Alamo, Tennessee (at trial), for the appellee, Horatio Lamont Harrison.[2]

## OPINION

The Defendant filed a motion to suppress all evidence gathered during his traffic stop because the stop "was conducted without probable cause." The State filed a response, arguing that the officer had probable cause to believe that the Defendant had violated Tennessee Code Annotated section 55-8-131 by failing to yield the right-of-way and Tennessee Code Annotated section 55-8-123 by crossing the fog line.

At the suppression hearing, the arresting officer testified that he was driving on Whitehall Street in a marked patrol car when the Defendant "pulled out into the roadway" from a parking lot. The officer further testified that he had to "move from [his] lane of travel to the left to avoid . . . hitting the [Defendant's] vehicle." After passing the Defendant, the officer entered the parking lot and turned around to follow the Defendant. The officer also noted that the Defendant had "a tinted license plate cover over [his] license plate" and that he eventually cited the Defendant for that. The officer's dash camera video was played for the trial court during the suppression hearing.

The officer admitted that he stopped the Defendant because the Defendant "almost pulled out in front" of him. However, the following exchange occurred during the suppression hearing:

> [Prosecutor]: Okay. And after reviewing the video did you also see whether or not [the Defendant] -- the vehicle driven by [the Defendant] ever crossed the fog line?
> [Officer]: It crossed over to the right-hand side of the road, which is on the east side of the road.
> [Defense counsel]: I'm going to object to the relevance. If -- if the crossing over the fog line -- if that wasn't part of the probable cause, then what he saw on the videotape later, it -- it's just not relevant. It doesn't matter.
> [Prosecutor]: Well, [y]our Honor, if it's -- if it's the basis for -- [i]f it can be argued as a basis for a valid stop, even though the officer did not notice at the time, it could --
> [Trial court]: What was the basis of the stop?
> [Prosecutor]: At the time, [y]our Honor, it was the fact that he pulled out in front of -- I'm sorry, that [the Defendant] pulled out in front of . . . [the

[2] After the notice of appeal was filed, defense counsel filed a motion in this court to withdraw, noting that he had not been retained to represent the Defendant on appeal. The motion was granted and the Defendant proceeded pro se in this matter.

officer].

[Trial court]: Okay. So he can't use something he saw on a videotape last night for his probable cause, so I'll sustain that.

At the conclusion of the suppression hearing, the trial court granted the Defendant's suppression motion. The trial court concluded that the Defendant "pulled out into the lane of traffic maybe three or four, five inches" and that the officer appeared on the video from his dash camera to be "moving pretty quickly." The trial court opined that the Defendant "didn't see [the officer] for the shadow" caused from a "slight obstruction" nearby and that he stopped when he finally saw the officer's patrol car.

The trial court concluded that the officer lacked probable cause that the Defendant had violated section 55-8-131 because the Defendant "did yield the right-of-way." The trial court credited the officer for being honest about his reason for the stop and noted that if the officer had said that he had stopped the Defendant for crossing the fog line, the trial court would "have probably had no choice" but to deny the suppression motion.

The State now appeals to this court. The State contends that the trial court erred in granting the suppression motion. The State argues that the Defendant's act of pulling out onto the highway, however slight, was sufficient to give the officer probable cause or a reasonable suspicion that the Defendant had violated section 55-8-131. The State also argues that the fact the Defendant had "a tinted license plate cover over [his] license plate" provided the officer probable cause to stop the Defendant.[3]

On appellate review of suppression issues, the prevailing party "is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from the evidence." State v. Talley, 307 S.W.3d 723, 729 (Tenn. 2010) (quoting State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996)). Questions about "the assessment of witness credibility, the weight and value of evidence, and the resolution of evidentiary conflicts are entrusted to the trial court" as the trier of fact. State v. Meeks, 262 S.W.3d 710, 722 (Tenn. 2008). When the trial court "makes findings of fact in the course of ruling upon a motion to suppress, those findings are binding on appeal unless the evidence in the record preponderates against them." Id. Conversely, a trial court's conclusions of law, along with its application of the law to the facts, are reviewed de novo without any presumption of correctness. Id.

Both the federal and state constitutions offer protection from unreasonable searches and seizures with the general rule being "that a warrantless search or seizure is presumed unreasonable and any evidence discovered subject to suppression." Talley,

---

[3] The pro se Defendant failed to file a response brief despite this court's numerous attempts to contact him and this court's having sua sponte ordered two extensions of time for the filing of said brief.

307 S.W.3d at 729 (citing U.S. Const. amend. IV; Tenn. Const. art. I, § 7).  As has often been repeated, "the most basic constitutional rule in this area is that 'searches [or seizures] conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment – subject to only a few specifically established and well delineated exceptions.'"  Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)); see also State v. Berrios, 235 S.W.3d 99, 104 (Tenn. 2007).

"Individuals do not lose their constitutional protections against unreasonable searches and seizures by getting into an automobile."  State v. Smith, 484 S.W.3d 393, 400 (Tenn. 2016).  However, if the officer has probable cause or a reasonable suspicion to suspect that a motorist has committed a traffic offense, a traffic stop will "pass constitutional muster."  Id. 400-02.  In reviewing whether an officer had probable cause or a reasonable suspicion to stop a motorist, "the officer's subjective state of mind is irrelevant."  Id. at 402.  Rather, courts review the validity of a traffic stop "from a purely objective perspective" and "may consider relevant circumstances demonstrated by the proof even if not articulated by the testifying officer as reasons for the stop."  Id.  When opposing a defendant's suppression motion, the State "is not limited . . . to the grounds ostensibly relied upon by the officer if the proof supports the stop on other grounds."  Id.

Based upon the foregoing, we conclude that the trial court erred in not allowing the State to present its alternative theory that the Defendant's crossing of the fog line violated section 55-8-123 and provided probable cause or a reasonable suspicion to justify the traffic stop.  In doing so, the trial court did not make any factual findings or conclusions of law on that theory.  The parties were also prevented from addressing important factual issues regarding this theory, such as whether the officer activated his blue lights before or after observing the Defendant cross the fog line.  Accordingly, we reverse the judgments of the trial court and remand the case for a new suppression hearing.  See State v. Hannah, 259 S.W.3d 716, 723 (Tenn. 2008) (remanding for a new suppression hearing when the trial court erroneously halted the hearing without considering "the State's alternative arguments"); State v. Alberts, 354 S.W.3d 320, 321-23 (Tenn. Crim. App. 2011) (remanding for a new suppression hearing when the trial court failed to consider "an alternative theory" that a search was valid as a warrantless search).

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
D. KELLY THOMAS, JR., JUDGE