IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2019

**JOHN BURLEY ALBERTS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Williamson County
No. CR170296   Joseph A. Woodruff, Judge**

_____

**No. M2018-00994-CCA-R3-PC**
_____

The Petitioner, John Burley Alberts, appeals the Williamson County Circuit Court's denial of his petition for post-conviction relief from his convictions for four counts of rape of a child, for which he is serving an effective 100-year sentence. He contends that the post-conviction court erred in denying his ineffective assistance of counsel claim. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Elizabeth A. Russell, Franklin, Tennessee, for the Appellant, John Burley Alberts.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Kim R. Helper, District Attorney General; Mary Katherine White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions relate to his sexual abuse of an eight-year-old child. He was charged with additional offenses related to other victims, but those counts were severed from the present case. After allegations of sexual misconduct surfaced, law enforcement officers determined that the Defendant, who had a prior conviction for a sexual offense, was in violation of the sex offender registry. The Defendant was arrested. After his arrest, investigators reviewed images on computers to which the Defendant had access. One such computer, a laptop, had been recovered from the trunk of the Defendant's car. The images on this computer provided a significant portion of the evidence which led to the convictions in the present case. *See State v. John Burley*

*Alberts*, No. M2015-00248-CCA-R3-CD, 2016 WL 349913 (Tenn. Crim. App. Jan. 28, 2016), *perm. app. denied* (Tenn. June 23, 2016).

The authorities obtained a warrant to search the car. The defense filed a motion to suppress the search of the car based upon insufficiency of the search warrant affidavit and sought suppression of the evidence obtained from the search of the computer as "fruit of the poisonous tree."

This court has previously summarized the evidence related to the discovery of the Defendant's offenses:

Detective Tameka Sanders testified that she was employed by the Williamson County Sheriff's Office ("WCSO") and that she was the lead detective on the Defendant's case. Det. Sanders began investigating the Defendant after several parents reported that the Defendant had sexually abused their children. According to Det. Sanders, the abuse was reported on January 19, 2007. Det. Sanders "pulled [the Defendant's] records" and learned that he had been previously convicted of sexual abuse of a minor female.

Det. Grant Benedict, also with the WCSO, testified that he "handle[d]" registered sex offenders in the county. After learning about the Defendant's prior record from Det. Sanders, Det. Benedict searched the county's sex offender registry for the Defendant's name and discovered that the Defendant had been living in Williamson County without registering as required. Accordingly, on January 31, 2007, Det. Benedict arrested the Defendant for violating the sex offender registry. While attempting to locate the Defendant prior to his arrest, Det. Benedict called one of the Defendant's former employers, who informed Det. Benedict that the Defendant had spent a lot of time on one of the computers at work.

Timothy Pratt testified that he and the Defendant "grew up together" and that in 2007, he was living on Sweet Gum Lane in Lawrence County. He testified that the Defendant sometimes "stayed" at the house next door to his, which Mr. Pratt also owned. He recalled that the Defendant's car was "setting [sic] in [his] driveway when [he] came home one night." More specifically, the Defendant's car was located "in between" the driveway of the house where the Defendant had been staying and the driveway of Mr. Pratt's home. According to Mr. Pratt, the Defendant had already been arrested at that point, and he was not sure how the car came to be parked there. Mr. Pratt was aware of the Defendant's arrest because the Defendant was working for Mr. Pratt's brother at the time, and the

Defendant was arrested at a "job site." Mr. Pratt opined that someone from the construction company moved the Defendant's car following his arrest. The car was unlocked, but the keys were with the car. Mr. Pratt locked the car and put the keys in his work truck.

Det. Sanders learned that the Defendant had recently lived in the home of A.B. and D.B., two of the parents who initially reported the abuse. Det. Sanders also learned from Det. Benedict that the Defendant "had spent a large amount of time on the computer at his workplace." Therefore, she called A.B. and asked whether there was a computer in their home that the Defendant had used. A.B. confirmed that there was a computer and that the Defendant had used it. A.B. agreed to turn the computer over to Det. Sanders. When Det. Sanders collected the computer, A.B. told her that the Defendant had a laptop that he kept in the trunk of his car and that he also owned a digital camera. Det. Sanders testified that she believed the Defendant "was very protective of [the computer]" because "he kept it in the trunk of his car." According to Det. Sanders, A.B. told her about the computer on January 25, 2007.

Det. Sanders testified that she and Det. Benedict planned to go to the auto dealership where the Defendant had recently worked and where he apparently spent a lot of time on the computer. On February 6, 2007, the detectives drove to Lawrence County, where the dealership was located, and met with Lieutenant Denton of the Lawrence County Sheriff's Office. Det. Sanders explained that, because she and Det. Benedict did not have jurisdiction in Lawrence County, she wanted to apprise local law enforcement of the investigation as a professional courtesy. Lt. Denton accompanied the detectives to the automobile dealership. The owner of the dealership, Jimmie Pennington, consented to a search of the workplace computer used by the Defendant. Det. Benedict conducted a "pre-search" of the computer, in which all of the images contained on the computer flashed on the screen in quick succession. Det. Benedict testified that the pre-search revealed "a variety of images of obviously underage[ ] girls in various states of undress and sexual positions and performing sex acts." Det. Sanders estimated that the pornographic images numbered in the "[hundreds] if not thousands." Additionally, Det. Sanders thought that she recognized one of the victims in a picture. Mr. Pennington denied having any knowledge of the pornographic images.

After viewing the pictures on the workplace computer, Lt. Denton left to get a search warrant. Mr. Pennington agreed to let the detectives take the computer for further testing. Detectives Sanders and Benedict then

went to Sweet Gum Lane "to take some pictures" at the house where the Defendant had been staying. When they arrived, they found the Defendant's car in the driveway. The detectives took pictures and attempted to talk to . . . Mr. Pratt, but no one was home at the time. The detectives left and "kind of drove around," "went and got lunch," and then went back to Sweet Gum Lane "later in the evening." This time, there was a car in the Pratts' driveway, and the detectives were able to talk to Erica Pratt, Mr. Pratt's wife. Ms. Pratt told Det. Sanders that the Defendant "liked taking pictures of the kids" with his camera, but he would ignore her son "and photograph the girls only."

Ms. Pratt told the detectives that her husband had the keys to the Defendant's car, but he was not home at the time. Approximately one hour later, Lt. Denton arrived with the search warrant. Det. Sanders testified that she never actually saw the search warrant. Also, she believed that she had probable cause to search the Defendant's car without a warrant at that point but chose to defer to Lt. Denton and wait for a warrant because she and Det. Benedict were in his jurisdiction. Mr. Pratt arrived home around the same time that Lt. Denton arrived with the warrant, and Mr. Pratt gave the car keys to the officers. A laptop and digital camera were found in the trunk of the Defendant's car. A subsequent analysis of the laptop revealed images depicting the Defendant and [the victim] engaged in various sex acts, which resulted in the indictments for four counts of rape of a child in this case.

*Id.* at *2-3.

On February 8, 2010, the trial court filed an order granting the motion to suppress on the basis that the search warrant failed to state sufficient probable cause, and this court granted the State's application for an interlocutory appeal. On June 21, 2011, this court held that the trial court should have considered whether the search was nevertheless a permissible warrantless search and remanded the case. *State v. Alberts*, 354 S.W.3d 320, 320-22, 324 (Tenn. Crim. App. 2011).

Following remand, the trial court filed an order on June 21, 2012, which reversed its earlier order granting the motion to suppress. The court ruled that, despite the insufficiency of the warrant, the officers had probable cause to conduct a warrantless search pursuant to the automobile exception to the warrant requirement. *See John Burley Alberts*, 2016 WL 349913, at *4. After the Defendant was convicted at a trial in June 2013, he appealed. He challenged (1) the applicability of the automobile exception and (2) the search of the computer. This court held that (1) the trial court properly determined that the officers properly conducted a warrantless search pursuant to the automobile exception and (2) the Defendant waived a challenge to the search of the

computer because he did not challenge the search of the computer in a pretrial motion to suppress. With regard to the latter holding, this court concluded, "An argument that evidence from the laptop should have been suppressed as fruit of the poisonous tree is not the same as a claim that a search warrant should have been obtained after the laptop was seized but before a forensic analysis was conducted." *Id.* at *8.

After this court denied relief in the Petitioner's appeal of his convictions and the supreme court denied his application for permission to appeal, the Petitioner filed the present post-conviction action. As relevant to this appeal, he alleged that he received the ineffective assistance of counsel because trial counsel failed to file a motion to suppress the evidence obtained as a result of the warrantless search of the Petitioner's computer.

The post-conviction court conducted a hearing, at which trial counsel testified that, in the course of his representation of the Petitioner, they met extensively. Counsel agreed that the Petitioner was arrested initially for a violation of the sex offender registry and that the Petitioner was on the registry due to a prior conviction for a violent sexual crime, for which the Petitioner had served a lengthy prison sentence.

Relative to the present case, trial counsel testified that he filed two motions to suppress and an amendment to one of the motions. He said he focused on the motion to suppress which attacked the sufficiency of the affidavit for the arrest warrant. With regard to the search of the Petitioner's car which resulted in the seizure of the computer, counsel said "multiple issues" existed with the warrant and affidavit. He noted that "it was cut off from the bottom," that the Petitioner was misidentified in the affidavit by an unknown person's name, that the affidavit failed to state a "nexus between criminal activity and the object to be searched or the automobile to be searched," and that the warrant was issued by Lawrence County authorities for a search in Bedford County. Counsel said, "Everyone knew what that motion to suppress was about. It was about the images on the computer. Nothing else in that car was incriminating. It was always about the computer, we all knew that." Counsel explained that his understanding of the law as it existed at the time was that the police had the authority to search a car pursuant to the automobile exception and to search any containers inside the car which had the potential to contain the object of the search, which included the computer and a camera that were in the Petitioner's trunk. Counsel said that the police had prior knowledge of the computer and that the police had been interested in the computer, not the car, when they searched the Petitioner's car. Counsel said that if caselaw existed to support the position that the computer was not a container and not subject to the automobile exception, he would have filed another motion to suppress.

Trial counsel testified that, at the time of the search of the Petitioner's vehicle and seizure of the computer, the Petitioner was subject to community supervision for life due to his status as a sex offender. Counsel said that it was his understanding that the

conditions of community supervision for life allowed law enforcement to conduct a search of the Petitioner's computer. Counsel said, though, that the rules were "always changing" and that reference should be made to the rules at the time of the search. Counsel said, however, that the State never argued that the search was valid because the Petitioner was subject to community supervision for life. Counsel said the Defendant's charge for violating the sex offender registry was dismissed. Counsel agreed the dismissal was based upon the original judgment being void because the judgment form did not contain a box to check indicating community supervision for life.

Trial counsel testified that he considered the motion to suppress to include "[e]verything the search warrant covered." He thought the police knew about the Petitioner's computer at the time they obtained the warrant and noted a neighbor had told the police about the Petitioner's computer.

Trial counsel testified that the trial court initially granted the motion to suppress after a hearing, that the State appealed, that the Court of Criminal Appeals remanded the case for reconsideration, and that the trial court denied the motion to suppress without a hearing following the remand. Counsel said he did not have the opportunity to address whether he had waived a challenge to the search of the computer's contents. Counsel said that, in his opinion, he had preserved the issue.

Trial counsel testified, "It's my understanding the state of the law at that time [of the motion to suppress] allowed them to search the computer, because it was a container." Counsel said that *Riley v. California*, 573 U.S. 373 (2014), which held that cell phones could not be searched incident to arrest, was decided after the Petitioner's trial and before the motion for a new trial was heard. Counsel said he argued at the hearing on the motion for a new trial that pursuant to *Riley*, the Petitioner's computer was not a container which could be searched pursuant to the automobile exception.

Trial counsel testified that he did not make a tactical decision not to file a separate motion to suppress the evidence from the search of the computer. He said that before the Supreme Court's *Riley* decision, he would not have filed a separate suppression motion for the computer but that following *Riley*, he would file a separate suppression motion for the computer.

Trial counsel testified that, aside from the digital images of the Petitioner committing a sex act with the victim, which were stored on the Petitioner's computer, the State had evidence consisting of letters written by the Petitioner and potential testimony of the victim. Counsel said the victim did not testify at the trial, and counsel could not recall if the victim disclosed abuse in her forensic interview. Counsel agreed that the victim in this case and the victims in the severed counts had undergone forensic

interviews and that the State did not offer as trial evidence the forensic interview for the victim in the present case.

Trial counsel testified that another attorney drafted the Petitioner's brief in the appeal of the convictions and that trial counsel represented the Petitioner at oral argument. Counsel said he argued that the trial court erred in denying the motion to suppress and noted that the trial court had ruled that the automobile exception applied to the computer because it was a container. Counsel said he argued to the appellate court that *Riley* and *United States v. Camou*, 773 F.3d 932 (9th Cir. 2014) supported suppression of the evidence from the computer. Counsel said he argued to the appellate court that he had not waived the issue in the trial court.

The post-conviction court denied relief. It found that trial counsel's performance was not deficient because at the time of the conviction proceedings, the law provided that the police had the authority to search a container within a vehicle if the container were capable of concealing the object of the search. The court found that, based upon the law as it existed at the time, counsel did not perform deficiently in failing to file a separate motion to suppress the evidence obtained from the search of the computer. The court found that the issue regarding the contents of the computer was addressed on the merits by the trial court. Based upon its determination that counsel did not perform deficiently, the post-conviction court concluded that the Petitioner's ineffective assistance of counsel claim must fail.

On appeal, the Petitioner contends that the post-conviction court erred in denying relief. Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The question before this court is whether the trial court erred in determining that the Petitioner failed to prove that he received the ineffective assistance of counsel based upon trial counsel's not having filed a separate motion to suppress the evidence obtained from the search of the computer. As we have stated, trial counsel filed a motion to suppress the evidence obtained from the search of the Petitioner's car, which included the evidence obtained from the search of the computer as "fruit of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471 (1963). At the time the motion to suppress was litigated and at the time of the trial, the existing law provided that the automobile exception to the warrant requirement permitted the search of a container found inside a car if the container was capable of concealing the object of the search. *See United States v. Ross*, 456 U.S. 798 (1982); *see also California v. Acevedo*, 500 U.S. 565 (1991).

The record reflects that trial counsel filed a motion to suppress which conformed to the law as it existed at the time. After the trial, the Supreme Court decided *Riley*, which provided support for an argument that the warrantless search of the computer ran afoul of the Fourth Amendment. As a result, counsel raised the issue in the motion for a new trial and argued that *Riley* applied. Counsel again raised the issue in the appeal of the convictions. We have reviewed the motion for a new trial and the amended motion for a new trial, which are in this court's record of the Petitioner's previous appeal. In both the motion and the amended motion for a new trial, counsel stated, "The defendant also argues that the vehicle exception to the warrant requirement does not extend to

searching the Kodak camera and Dell laptop found in his automobile." The trial court and the appellate court concluded that the Petitioner had waived the issue by failing to raise it before the trial, which is consistent with the Rules of Criminal Procedure. *See* Tenn. R. Crim. P. 12(b)(2)(C) (stating that a motion to suppress evidence must be made before the trial), 12(f) (stating that a party waives any defense, objection, or request by failing to comply with rules requiring that the matter be raised before the trial); *John Burley Alberts*, 2016 WL 349913, at *8.

This court has said, "Trial counsel cannot be held to a standard of being clairvoyant concerning a case not yet decided." *Darryl Lee Elkins and Rhonda Grills v. State*, Nos. E2005-02153-CCA-R3-PC, E2005-02242-CCA-R3-PC, 2008 WL 65329, at *6 (Tenn. Crim. App. Jan. 7, 2008), *perm. app. denied* (Tenn. May 27, 2008). In *Robert Anthony Fusco v. State*, No. M2016-00825-CCA-R3-PC, 2017 WL 6316621, at *8 (Tenn. Crim. App. Dec. 11, 2017), this court determined, before *Riley* had been decided, that the petitioner's trial counsel had not provided ineffective assistance by not filing a motion to suppress incriminating cell phone data found when two cell phones were discovered during the search of a vehicle. *See also Jeffrey L. Vaughn v. State*, No. W2015-00921-CCA-R3-PC, 2016 WL 1446140, at *5 (Tenn. Crim. App. Apr. 12, 2016), *perm. app. denied* (Tenn. Aug. 19, 2016). We conclude that the record supports the post-conviction court's determination that the Petitioner failed to prove that trial counsel's performance was deficient.

The post-conviction court concluded that because the Petitioner failed to show deficient performance, his ineffective assistance of counsel claim must fail. As we have stated, a petitioner must establish both deficient performance and prejudice in order to prevail on an ineffective assistance of counsel claim, the post-conviction court did not err in denying relief. *See Goade*, 938 S.W.2d at 370.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE